GARDINER F. DANFORTH *vs.* LEWIS F. STRATTON.

Penobscot. Opinion March 18, 1885.

*Writ of possession.    Officer.    Trespass.    Lease.    Tenant.*

C held a written lease of real estate as trustee of F who was in possession. At the expiration of the lease the landlord brought an action of forcible entry and detainer against C, and obtained a writ of possession under which the officer removed F's goods from the premises, and F sued the officer in trespass for that act. *Held*, that the officer had the right and it was his duty, in serving the writ of possession, to remove F and his goods from the premises.

On motion to set aside the verdict, and exceptions.

Trespass against the sheriff for the act of his deputy, George W. Brown, in removing the plaintiff's goods and merchandise from a store in Bangor.    James N. Cushing held a written lease of the store from the landlord and it was decided in *Cushing* v. *Danforth*, 76 Maine, 114, that he held the lease as passive trustee for Danforth for so much of the store as Danforth occupied.

At the expiration of the Cushing lease the landlord brought forcible entry and detainer against Cushing and obtained judgment and writ of possession.    In serving this writ of possession the officer removed the plaintiff's goods from the store but did not remove the other occupant, or his goods.    The verdict was for the plaintiff for $330 and the defendant moved to set that verdict aside as being against law and evidence, and the weight of evidence, and as excessive.

*Charles P. Stetson* and *H. L. Mitchell*, for the plaintiff.

The plaintiff was no party to the proceedings of forcible entry and detainer, and the writ of possession did not run against him. It therefore did not authorize the officer to remove him.

He was entitled to be heard and have his day in court before he should be removed.

He had acquired rights, by the circumstances of his entry and his continuance there which could not be taken from him except by

due process of law, by proceedings against him in which he would have a right to be heard.

Under the circumstances the plaintiff was a tenant at will of Bowman. The proceedings in the forcible entry and detainer case, *Bowman* v. *James N. Cushing*, were collusive, and fraudulent in law, and the judgment thereon was a nullity as against him.

*Barker, Vose and Barker* and *A. G. Wakefield*, for the defendant.

DANFORTH, J. Motion for a new trial. The action is against the sheriff for the alleged wrong-doing of his deputy in the service of a writ of possession issued in an action of forcible entry and detainer. The judgment was obtained and the writ issued against James N. Cushing. The plaintiff's goods were removed from the premises described in the writ and this is the act complained of in the present suit.

That the premises had for some time been occupied by the plaintiff and one Ruel J. Cushing, each occupying a specific portion agreed upon between them, is not in dispute. The plaintiff claims to have been a tenant at will under Hollis Bowman, the owner. This is denied on the part of the defendant who contends that Cushing was tenant of the whole premises and that the plaintiff was tenant under him. After this occupation had continued for about two months Bowman gave a written lease to James N. Cushing for ten months and at or within seven days after its expiration commenced the action in which the writ in question was issued. The plaintiff had continued to occupy until his goods were removed at the time of the service of this writ.

Hence the nature of the plaintiff's occupation became a material question which was submitted to the jury. If he was a tenant under Bowman it is evident that his goods were wrongfully removed for such tenancy had never been terminated as the statute required and the jury must have so found.

It is unquestionable that no man can become the tenant of another without his consent. In this case the decided prepon-

derance of evidence shows that Bowman never did consent to the plaintiff's becoming his tenant, that he never received or recognized him as such before the written lease, and after that he could not. What then were the plaintiff's rights in the premises?

In a former action in which this plaintiff was defendant and James N. Cushing was plaintiff, it was decided by the court that the written lease was held by Cushing in trust for this plaintiff and upon that ground he succeeded in that. action, *Cushing* v. *Danforth*, 76 Maine, 114. If the question were now open the testimony in this case would lead to the same conclusion. Thus the right and only right which this plaintiff had in the premises was through and under James N. Cushing, as his *cestui que trust*. He had no direct claims as tenant, upon Bowman, and Bowman none upon him. He was not responsible under the lease to deliver up the premises to the lessor at its expiration, but at that time all his rights under it would cease and if he remained it would be only as a tenant at sufferance. Hence a judgment against Cushing would be a judgment against him and the writ of possession would authorize the officer not only to remove Cushing but all others whose rights there were dependent upon him or were in without right. As Cushing was the contracting party and his lease and its expiration laid the foundation of the process, the action was properly begun against him alone. *Howe* v. *Butterfield*, 4 Cush. 302.

But this defendant justifies further. In his brief statement of defence he says, " That all and every act his said deputy did in the premises, he did under and by virtue of his said precept, and also as the servant and agent of Hollis Bowman."

As already seen after the expiration of the lease the plaintiff, as against Bowman, had no rights whatever in the premises. His tenancy whatever it was had ceased and it was competent for Bowman by himself or servant to remove him and his goods with or without process, if done in a peaceable way and orderly manner, after due notice. The testimony shows that whatever was done in this respect was done under the direction and by the order of Bowman, and that the plaintiff had due notice. If it

was not done peaceably and orderly, of which there is no proof, Bowman or the servant might be liable but not this defendant as sheriff, as the writ was not served by him but by a deputy. *Stearns et al* v. *Sampson*, 59 Maine, 568.

*Motion sustained.*

PETERS, C. J., VIRGIN, FOSTER and HASKELL, JJ., concurred.

EMERY, J. concurred in the result.